Lewis v. Sumner.

### ABI LEWIS vs. THOMAS SUMNER.

When a sworn attorney of the court enters his appearance for a party, the party is bound by any admissions made by him, in writing, though out of court, concerning the facts in the cause, until the appearance is withdrawn, or the party revokes the attorney's authority, and gives notice of the revocation: Until the appearance is withdrawn, or the authority revoked and the revocation notified, the party cannot give evidence, on the trial of the cause, that the attorney had no authority in fact.

THIS was an action of trespass upon the case against a deputy sheriff for taking and selling a barn, as personal property, on the 21st of June 1844. The defendant pleaded the general issue, and filed a specification of defence, justifying the seizure and sale of the barn by virtue of an execution in favor of Rice & Simonds of Boston, against Richard P. Corey of Charlestown.

At the trial in the court of common pleas, before *Cushing*, J. the plaintiff, in support of her action, gave in evidence a mortgage deed, duly executed by said Corey, and recorded in the office of the clerk of Charlestown on the 5th of August 1843, by which said Corey conveyed the barn in question, and other articles, to the plaintiff, to secure payment of a note for $200, bearing even date with said mortgage, and payable to the plaintiff, or her order, in one year from its date, with interest; which note the plaintiff produced and put in evidence. The mortgage contained a provision, that the

23 *

mortgagor should remain in the undisturbed use and posses-sion of the mortgaged property until breach of the condition of the mortgage.

The plaintiff, to show that she had made a statement of her claim, and a demand on the defendant, as required by the Rev. Sts. c. 90, § 79, offered in evidence a paper, of which the following is a copy: "Middlesex ss. C. C. Pleas, 1845. Abi Lewis vs. Thomas Sumner. It is hereby agreed that due notice was given by the plaintiff, in writing, to the defendant, of her just claim by mortgage on the property declared on, in due time before the commencement of this action; and de-mand of payment was then made. C. G. Thomas, attorney for defendant."

The name of Mr. Thomas, and also the names of "But-trick & Marrett," appeared on the clerk's docket, as attorneys for the defendant. The plaintiff's counsel stated that he wrote the paper, during the term of the court at which the trial was had, and a few days before the trial, and that it was signed by Mr. Thomas, for the purpose of relieving him from the necessity of attending as a witness on the trial. The de-fendant objected to the admission of said paper in evidence, and offered to show that Mr. Thomas had not in fact been counsel for the defendant, in this action, for a year before the trial. The judge refused to admit the evidence thus offered by the defendant, and overruled the objection to the admis-sion of the paper signed by Mr. Thomas.

The plaintiff then gave evidence as to the value of the barn, at the time of the sale thereof by the defendant, and there closed his case.

The defendant then introduced evidence tending to show that the aforesaid note and mortgage were without consider-ation, and were made to delay or defraud the creditors of said Corey. The whole evidence was submitted to the jury, who found a verdict for the plaintiff. The defendant alleged ex-ceptions to the judge's rulings.

*Buttrick*, for the defendant. If it be said that Mr. Thomas's name was on the record, as attorney, and that the record cannot

be contradicted, the answer is, that this rule of evidence does not estop a party from showing that the attorney of record had no authority. *Hall* v. *Williams*, 6 Pick. 232 *Brewer* v. *Holmes*, 1 Met. 288. *Handley* v. *Statelor*, Litt Sel. Cas. 186. *Cox* v. *Hill*, 3 Ham. 411. *Crichfield* v *Porter*, 3 Ham. 518.

An attorney cannot bind his client, in a case pending in court, by unauthorized acts out of court.

*Willey*, for the plaintiff.

SHAW, C. J. The main question in this case arises upon the objection taken by the defendant, to a paper, purporting to be signed by his attorney in court. In the course of the trial, it became necessary for the plaintiff to prove that she gave notice in writing to the defendant, the attaching officer, of her mortgage on the property, in due season, and made demand of payment thereof. To prove this, she produced the admission, in writing, of C. G. Thomas, attorney of the defendant, purporting to be made in the cause in court. It is conceded that Mr. Thomas is a sworn attorney, admitted to practise in the courts of the Commonwealth; that his appear-- ance had been entered, as attorney for the defendant, some term previous, and had not been withdrawn.

The defendant objected to the admission of said paper as evidence, and offered to show that Mr. Thomas had not in fact been counsel for the defendant, in this action, for a year before the trial. The court refused to admit the evidence thus offered by the de'endant, overruled the objection, and admitted the said paper.

The court are of opinion that the paper was very properly admitted. Nothing is more important, in a litigation in court, than for a party to know who is his adversary's accredited agent, and with whom he may safely deal in that capacity. Hence the great need, in all courts, of setting apart officers, recognized as attorneys, and determining their qualifications, rights and powers. When, therefore, an appearance is entered for a party, by a regular attorney, all parties have a right, *prima facie*, to regard him as the accredited representative of

such party. It would be a great misdemeanor in an attorney, rendering him liable to censure and punishment, as well as to an action for damages, in a proper case, if he were to enter an appearance without an authority. *Smith* v. *Bowditch*, 7 Pick. 137. *Field* v. *Gibbs*, Peters C. C. 158. It follows from this, that when once an attorney has been recognized as the representative of a party on the record, he shall be presumed so to continue, until his authority is revoked, and his appearance withdrawn, and due notice thereof given; and the court of common pleas and this court have rules, prohibiting the change of attorneys, without notice. 24 Pick. 384.

The importance of upholding agreements and concessions like the present, between attorneys and counsel of litigating parties, is greater than it might seem at first blush, and is enhanced by our present practice. In most cases of controverted facts, many facts are embraced in the issue, which are not really in dispute between the parties; but each must be prepared to prove all the facts necessary to his own case, unless he can previously obtain a concession from the adverse party, in a form which he can rely upon, at the trial. It is, therefore, a wise, useful and beneficial practice, resorted to by those who are most careful in preparing causes for trial, and a practice well deserving to be encouraged by the courts, for the parties, by their attorneys, to obtain and give mutual concessions, in writing, of all the material facts, not intended to be controverted, and so narrow the litigation to the precise matters in controversy. It saves expense, avoids surprise and delay, and often prevents the loss of a good cause, by an unexpected call for proof, which could easily have been obtained, if it had been anticipated that such fact would be called in question. This practice of admitting facts is the more necessary, since the disuse of special pleading, which was designed, and to some extent had the effect, to narrow the issue on record to some one or a few questions of fact. This consideration renders it important to hold, that a litigant party shall not be permitted to deny the authority of his attorney of record, whilst he stands as such on the docket. He may revoke his

attorney's authority, and give notice of it to the court and to the adverse party; but whilst he so stands, the party must be bound by the acts of the attorney.

It was stated in the argument for the defendant, that though an attorney may bind his client, it is only by acts done in court. We cannot admit the correctness of this view. Many things may and ought to be done out of court, and in vacation, with a view to the proper conduct of the cause. All acts to be done by an attorney, without special directions, must be acts within the scope of his official authority and duty, in the proper conduct and management of the cause in which he is engaged; and this is the proper limit of his authority.                    *Exceptions overruled.*